UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4990

KITTRELL BERNARD DECATOR,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-95-202-HNM)

Submitted: January 26, 1999

Decided: March 22, 1999

Before HAMILTON and WILLIAMS, Circuit Judges and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald P. Martin, MARTIN, JUNGHANS, SNYDER & BERN-
STEIN, P.A., Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, James G. Warwick, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kittrell Bernard Decator appeals from his sentence for his convictions for conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (1994), armed bank robbery in violation of 18 U.S.C. § 2113(a) (1994), and attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) (1994). For the following reasons, we affirm.

In July 1994, Decator, Jonathan Mark Jones, and Craig Lamont Scott were charged in a seven-count indictment with conspiracy to commit bank robbery, two counts of armed bank robbery which occurred on September 21, 1993, and June 8, 1994, attempted armed bank robbery which occurred on June 6, 1994, and three counts of using and carrying a firearm during the commission of a crime of violence. The district court agreed to sever Jones's trial from that of the remaining Defendants. The court ordered Decator and Scott tried jointly, but the counts were severed so that the joint trial was for the June 8 robbery and the related firearms charges only. Decator and Scott were convicted by a jury. During the trial, the Government moved to dismiss without prejudice the remaining five charges against Decator and Scott, which had been severed from the two counts being tried. The district court granted the motion, but granted the Government a period of time within which to make an election regarding reinstatement of the charges. Decator was sentenced to eighty-seven months imprisonment for the armed bank robbery charge and five years, consecutively, for the firearms charge. His conviction was affirmed on appeal.

In May 1995, the grand jury returned an indictment against Decator, Scott, and Keith E. Bryant. The indictment charged Decator and Scott with the September 21 armed bank robbery, the June 6 attempted armed bank robbery, two related firearms charges, and conspiracy to commit bank robbery--the five charges that previously had

2

been dismissed. Decator elected to dismiss his trial counsel and proceed pro se. Bryant and Scott moved for a severance, which the court granted, and Decator was tried separately.

Decator subsequently changed his mind and proceeded to trial on the second indictment with counsel. Decator was convicted by a jury on all five charges. The district court imposed a sentence on Decator for the conspiracy, the September 21 armed bank robbery, and the June 6 attempted armed bank robbery charges, as well as a consecutive sentence for the firearms charges. On appeal, however, this court vacated Decator's sentence for the three substantive bank robbery charges after concluding that the district court erroneously sentenced Decator outside of his presence and remanded for resentencing. See United States v. Decator, 112 F.3d 511 (4th Cir. May 6, 1997) (unpublished), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3297 (U.S. Oct. 20, 1997) (No. 97-5871).

Decator was resentenced in November 1997, which is the judgment Decator is currently appealing. Prior to the resentencing hearing, Decator sent a letter to the district court stating that he had dismissed his trial counsel. The district court responded in a letter informing Decator that he had not shown "any good cause whatever to dismiss" his counsel. The district court stated that, therefore, there would be no substitution of counsel or delay in the resentencing. At the resentencing hearing, Decator's counsel informed the court that Decator "would like to represent himself." The district court denied Decator's request to proceed pro se, and Decator's counsel represented him during the proceeding.

The district court allowed Decator to speak on various legal points he wished to present to the court. The court then sentenced Decator to concurrent terms of forty-six months imprisonment for the conspiracy, September 21 armed bank robbery, and the June 6 attempted armed bank robbery charges under the second indictment to run concurrently with the unexpired term of the eighty-seven months imposed for the armed bank robbery charge under the first indictment.

On appeal, Decator claims that he was denied his right to self-representation at the resentencing hearing. We review the district court's decision to deny Decator's request to represent himself at his

3

resentencing hearing for an abuse of discretion. See United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997).

A defendant does not have an absolute right to self-representation. See United States v. Dunlap, 577 F.2d 867, 868 (4th Cir. 1978). Rather, if a defendant proceeds to trial with counsel and asserts his right to self-representation after the trial has begun, the right to self-representation may be denied in an effort "to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury." Id.

In this case, although the jury had already determined Decator's guilt and had been discharged, the district court properly considered the benefits of continuity in counsel and the disadvantage of further disruptions or delay. The district court found that it would be a "major disruption of the trial proceeding and of the prior proceedings, if at this late date, on a remand for resentencing," Decator was permitted to represent himself. The district court did not abuse its discretion in denying Decator's motion to proceed pro se and deciding that Decator's interests were best protected by allowing his counsel to continue representing him, noting that defense counsel had "done an excellent job as appointed counsel, a very excellent job."

Decator also claims that the district court erred by not conducting an inquiry into Decator's reasons for wanting to proceed pro se and, thus, not creating a sufficient record to rely upon to deny his request. We disagree. The case law advanced by Decator in support of this argument on appeal relates to the inquiry a court must conduct before accepting a defendant's waiver of his right to counsel. Here, after the court decided that Decator's pro se representation would have been inappropriate, it was unnecessary to conduct a waiver inquiry to determine if Decator was knowingly relinquishing his right to counsel.

Accordingly, we affirm Decator's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED